IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ERIN PRESTON,<br><br>    Plaintiff,<br>v.<br><br>PROVIDENCE HALL CHARTER SCHOOL,<br><br>    Defendant. | Case No. 2:15-cv-589-JNP-BCW<br><br>**MEMORANDUM DECISION & ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Judge Jill N. Parrish |

Before the court is Defendant Providence Hall Charter School's Motion to Dismiss Plaintiff's Second and Third Causes of Action. (Docket 10).

## BACKGROUND

This case presents a variety of claims arising from the August 2014 termination of Erin Preston as superintendent of Providence Hall Charter School ("Providence Hall"). In her second and third causes of action, Ms. Preston alleges that Providence Hall Charter School breached contractual duties and violated her constitutional rights by not providing her due process before terminating her employment. Providence Hall moves to dismiss the second and third causes of action for failure to state a claim upon which relief can be granted.

# ANALYSIS

## I. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To do so, a plaintiff must plead both a viable legal theory and "enough factual matter, taken as true, to make [the] 'claim to relief . . . plausible on its face." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A plaintiff is not required to include detailed factual allegations, but the complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," and ultimately must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II. The Second and Third Causes of Action Are Inadequately Pleaded

Ms. Preston's second and third causes of action share a common element that is at the core of the Providence Hall's argument for dismissal: whether there was a contract between Ms. Preston and Providence Hall that afforded her a reasonable expectation of continued employment and a contractual right to due process prior to termination. The parties agree that Utah law governs the issue of whether a contract existed. In Utah, "[a]n employment relationship for an indefinite term gives rise to a presumption that the employment relationship is at will." *Tomlinson v. NCR Corp.*, 2014 UT 55, ¶ 11, 345 P.3d 523. Nonetheless, an employee "may overcome this presumption by showing that the parties created an implied-in-fact contract,

modifying the employee's at-will status." *Id.* (quoting *Hodgson v. Bunzl Utah, Inc.*, 844 P.2d 331, 333 (Utah 1992)). In determining whether an implied-in-fact contract exists, "[r]elevant evidence of the parties' intent may include announced personnel policies, employment manuals, the course of conduct between the parties, and relevant oral representations." *Id.* ¶ 12. Ultimately, "[t]he existence of such an agreement is a question of fact which turns on the objective manifestations of the parties' intent and is primarily a jury question." *Id.* (quoting *Johnson v. Morton Thiokol, Inc.*, 818 P.2d 997, 1001 (Utah 1991)).

In her response to Providence Hall's motion, Ms. Preston relied heavily on provisions contained in the Providence Hall Charter, which were not included in her complaint. At oral argument Ms. Preston's counsel suggested that other evidence not alleged in the complaint would also support her claims. Counsel for Ms. Preston essentially conceded that the complaint as pleaded was deficient and stated a willingness to amend the complaint to incorporate the missing factual allegations.

Upon reviewing the complaint, the court agrees. Ms. Preston has failed to incorporate sufficient factual allegations to plausibly allege the existence of a contract, whether express or implied-in-fact, that would give rise to a reasonable expectation of continued employment. The complaint includes only one vague allegation of alleged oral representations that Ms. Preston would have a permanent position. (*See* Docket 1, Exhibit #1 First Amended Complaint ¶ 9). Likewise, the complaint cites only the portion of the Providence Hall Charter guaranteeing due process before an employee could be terminated. (*See id.* ¶ 84). But these two allegations alone are insufficient to overcome the presumption under Utah law that Ms. Preston's employment was at will.

In the briefing and at oral argument, Ms. Preston identified additional facts that could have been included in the complaint. Had those facts been incorporated into the complaint, the court would have no difficulty finding a plausible claim that survives a motion to dismiss. For this reason, the court grants Ms. Preston leave to amend the complaint to incorporate sufficient factual allegations to state a plausible claim for relief on the second and third causes of action.

## CONCLUSION

Ms. Preston has inadequately pleaded her second and third causes of action. Accordingly, the court GRANTS Providence Hall's Motion to Dismiss Plaintiff's Second and Third Causes of Action. The dismissal is without prejudice. Ms. Preston is given leave to file an amended complaint no later than December 21, 2015.

Dated this  7th  day of December, 2015.

BY THE COURT:

_____
JILL N. PARRISH, Judge
United States District Court