JEFFREY ROBINSON (4129)
LUCIA MALOY (15665)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: jeffreyrobinson@agutah.gov
　　　　lmaloy@agutah.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ERIN PRESTON,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>PROVIDENCE HALL CHARTER SCHOOL,<br><br>　　　　　　　　　Defendant. | **ADDITIONAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:15cv00589<br><br><br>Judge Jill N. Parrish |

　　　Defendant Providence Hall Charter School (PHCS), by and through counsel, Jeffrey Robinson and Lucia Maloy, Assistant Utah Attorneys General, respectfully submits the following additional briefing as requested by the Court in its September 20, 2017 Order (Doc. 48).

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ iii

INTRODUCTION .............................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

    I.    THE DETERMINATION OF WHETHER PHCS IS A "PERSON" UNDER § 1983 IS A MATTER OF FEDERAL LAW AND SHOULD NOT BE CERTIFIED TO THE UTAH SUPREME COURT ................................................................................................ 2

        A.    Federal Law Determines Whether An Entity Is A "Person" For The Purposes of § 1983 Litigation. ............................................................................................. 2

        B.    State Law May Inform The Federal Court's Determination. ............................ 3

        C.    State Court Holdings Are Not Dispositive To The Federal Court's Determination. .... 3

    II.    THE UTAH SUPREME COURT HAS ALREADY DECLARED THAT THE STATUS OF "PERSON" UNDER § 1983 IS A FEDERAL QUESTION ....................................... 4

    III.    THE CHARACTER OF PHCS AS A STATE CREATED PUBLIC ENTITY IS ESTABLISHED BY UTAH STATUTE ........................................................................ 5

CONCLUSION ................................................................................................................... 6

# TABLE OF AUTHORITIES

*Albright v. Oliver*,
   510 U.S. 266 (1994) ................................................................................................... 2
*Ambus v. Granite Bd. of Educ.*,
   995 F.2d 992 (10th Cir. 1993) ................................................................................... 4
*Ambus v. Utah State Bd. of Educ.*,
   858 P.2d 1372 (Utah 1993) ............................................................................. 1, 4, 5, 6
*Cline v. State Div. of Child & Family Servs.*,
   2005 UT App 498, 142 P.3d 127 ............................................................................... 5
*Duke v. Grady Mun. Schools*,
   127 F.3d 972 (10th Cir. 1997) ................................................................................... 3
*Four Star Ranch, Inc. v. Cooper*,
   case no. 2:08-cv-394 TS, 2010 WL 3489567 (D. Utah 2010) .................................. 3
*Giddings v. Utah Transit Authority*
   107 F. Supp.3d 1205 (D. Utah 2015) ......................................................................... 4
*Hewlett By and Through Hewlett v. Rose*,
   496 U.S. 356 (1990) ........................................................................................... 1, 2, 3
*Martinez v. California*,
   444 U.S. 277, (1980) .................................................................................................. 4
*Monroe v. Pape*,
   365 U.S. 167 (1961) ................................................................................................... 1
*Regents of the University of California v. Doe*,
   519 U.S. 425 (1997) ................................................................................................... 3
*Steadfast Ins. v. Agricultural Ins. Co.*,
   507 F.3d 1250 (10th Cir. 2007) .............................................................................. 2, 3
*Sturdevant v. Paulson*,
   218 F.3d 1160 (10th Cir. 2000) .............................................................................. 2, 3
*Utah Sch. Boards Ass'n v. Utah State Bd. Of Educ.*
2001 UT 2, 17 P.3d 1125 .............................................................................................. 5
*V-1 Oil Co. v. Utah State Dept. of Public Safety*,
   131 F.3d 1415 (10th Cir. 1997) ................................................................................. 3
*Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*,
   529 U.S. 765 (2000) ................................................................................................... 2
*Will v. Michigan Dept. of State Police*,
   491 U.S. 58 (1989) ..................................................................................................... 2

Statutes

42 U.S.C § 1983 ................................................................................................................. passim
Utah Code Ann § 53A–1a–513 ................................................................................................... 6
Utah Code Ann. § 53A–1a–501 ................................................................................................... 5
Utah Code Ann. § 53A–1a–503 and § 53A–1a–503.5(1)(a) ....................................................... 5
Utah Code Ann. § 53A–1a–503.5 and § 53A–1a–508(3) ............................................................ 6
Utah Code Ann. § 53A–1a–505 ................................................................................................... 5

## INTRODUCTION

The question of whether PHCS is a "person" under 42 U.S.C § 1983 ("§ 1983") was presented to this Court in Defendant's Motion for Partial Judgment on the Pleadings. (Doc. 40). Plaintiff opposes the motion. (Doc. 43). In an Order issued September 20, 2017, this Court requested additional briefing to address whether determination of "person" status is a question of federal or state law and whether this Court should certify questions asking the Utah Supreme Court to clarify PHCS's character under state law. (Doc. 48).

This Court is the proper forum for determining whether PHCS is a "person" for the purposes of § 1983. Any holding by the Utah Supreme Court would have no binding effect because § 1983 provides a federal remedy for violation of federally protected civil rights even where there is an actionable remedy under state law for the same conduct. *Monroe v. Pape*, 365 U.S. 167, 183-87 (1961). Essentially, Congress enacted § 1983 to provide a federal remedy in the federal judicial forum to vindicate federal rights independent of state influence. *Id.* While federal courts look to state laws or rules in making determinations, state law cannot alter either the elements of or defenses to § 1983 claims. *Hewlett By and Through Hewlett v. Rose*, 496 U.S. 356, 376 (1990). Even in a state court, federal law provides the necessary elements for making a determination of "person" status under § 1983. *Ambus v. Utah State Bd. of Educ.*, 858 P.2d 1372, 1377 (Utah 1993).

**ARGUMENT**

I. **THE DETERMINATION OF WHETHER PHCS IS A "PERSON" UNDER § 1983 IS A MATTER OF FEDERAL LAW AND SHOULD NOT BE CERTIFIED TO THE UTAH SUPREME COURT.**

   A. **Federal Law Determines Whether An Entity Is A "Person" For The Purposes of § 1983 Litigation.**

A principal purpose behind the enactment of § 1983 was to provide a federal forum to remedy many deprivations of civil liberties. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Section 1983 does not create a cause of action in state law. *Id*. Instead, § 1983 provides a method for vindicating federal rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Any defenses, including immunity, "to a federal right of action are,. . ., controlled by federal law." *Hewlett*, 496 U.S. at 376. That means that the elements of and the defenses to § 1983 must be defined by federal law. *See Id.*

The Tenth Circuit holds that Eleventh Amendment immunity is a question of federal law reviewed de novo. *Sturdevant v. Paulson*, 218 F.3d 1160, 1164 (10th Cir. 2000); *Steadfast Ins. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007). While the scope of the Eleventh Amendment and § 1983 are separate issues, the United States Supreme Court continually declines to adopt a reading of § 1983 that disregards analysis of the scope of the Eleventh Amendment. *Will*, 491 U.S. 66-67. The U.S. Supreme Court observed that the "person" and Eleventh Amendment issues are closely related to each other. *Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765, 779 (2000). Entities entitled to Eleventh Amendment immunity are not "persons" under federal statute. *Id.* In either case, ultimately, whether a particular state agency is an arm of the state, and therefore entitled to Eleventh

2

Amendment immunity, thereby precluded from "person" status is a federal question. *Regents of the University of California v. Doe*, 519 U.S. 425, 429, n.5 (1997).

### B. State Law May Inform The Federal Court's Determination.

Although the question of whether a particular state agency has Eleventh Amendment immunity is a matter of federal law, the Tenth Circuit recognizes that the federal question can be informed by considering provisions of state law that define the agency's character because federal courts, generally, are not "writing on a blank slate," meaning that the subject agency has likely been characterized in state law through statute or case law. *See V-1 Oil Co. v. Utah State Dept. of Public Safety*, 131 F.3d 1415, 1420, n.1 (10th Cir. 1997) (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, n. 5 (1997)); *Steadfast*, 507 F.3d at 1253. The federal court may look to the characterization of the agency in both state statute and previous lawsuits to inform its determination. *Id.* But, where there is conflict or uncertainty, the federal courts must view the issue of immunity as a federal question. *Duke v. Grady Mun. Schools*, 127 F.3d 972, 978 (10th Cir. 1997).

### C. State Court Holdings Are Not Dispositive To The Federal Court's Determination.

The Tenth Circuit has made clear that federal courts should not view as dispositive state court holdings regarding a state agency's character. *Steadfast,* 507 F.3d at 1253 (citing *Sturdevant*, 218 F.3d at 1164). State holdings cannot be dispositive to a federal determination because "[a] state may not, by statute or common law, create a cause of action under § 1983 against an entity whom Congress has not subjected to liability." *Hewlett*, 496 U.S. at 376. Neither may a state immunize by state law conduct which is wrongful under § 1983. *Four Star Ranch, Inc. v. Cooper*, case no. 2:08-cv-394 TS, 2010 WL 3489567, *3 (D. Utah 2010)

3

(unpublished opinion) (quoting *Martinez v. California*, 444 U.S. 277, 284, n. 8, (1980)). The characterization of a state entity under state law is a factor to which the federal court may look to inform its determination, but a federal court cannot rely on a state court's holding as dispositive.

This situation has been addressed by a federal district court in Utah. In *Giddings v. Utah Transit Authority*, the district court held that asserting immunity against "a federal right of action is controlled by federal law." 107 F. Supp.3d 1205, 1207 (D. Utah 2015). Although state courts may hold that a governmental entity is "entitled to share in the state's sovereign immunity, the extent of Eleventh Amendment immunity is a question of federal law." *Id*. quoting *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 995 (10th Cir. 1993). In *Giddings*, the district court found that although Utah Transit Authority (UTA) was a governmental entity under state law, UTA was not an arm of the state for the purposes of federal law. *Id*. UTA failed to provide the federal analysis and relied instead on state court holdings to establish Eleventh Amendment status. *Id*. State court holdings characterizing an agency as a governmental entity under state law are not sufficient grounds to find immunity under federal law. *Id*. The district court was clear that immunity under federal law is independent of state characterization under state law.

II.  THE UTAH SUPREME COURT HAS ALREADY DECLARED THAT THE STATUS OF "PERSON" UNDER § 1983 IS A FEDERAL QUESTION

In the state court companion case to *Ambus v. Granite Bd. of Ed.*, 995 F.2d 992 (10th Cir. 1993), the Utah Supreme Court addressed the question before this Court. The Utah Supreme Court held that "[t]he issue of immunity in a federal civil rights case is a matter of federal law." *Ambus v. Utah State Bd. of Educ.*, 858 P.2d 1372, 1377 (Utah 1993) (citing *Martinez*, 444 U.S. at 284, n.8). The Utah Supreme Court then looked to federal law to determine state entities were not "persons" under § 1983. *Id*.

4

More recently, the Utah Court of Appeals followed the Utah Supreme Court's holding in *Ambus*, holding that immunity under federal statutes is a matter of federal law. *Cline v. State Div. of Child & Family Servs.*, 2005 UT App 498, ¶ 12, 142 P.3d 127. The *Cline* court further held that Utah state statutes regarding immunity do not apply to suits brought under § 1983. *Id.*

These cases establish that the determination of immunity under § 1983 is a matter of federal law. Thus, certification to the Utah Supreme Court is not necessary.

### III.   THE CHARACTER OF PHCS AS A STATE CREATED PUBLIC ENTITY IS ESTABLISHED BY UTAH STATUTE

Although the determination of "person" status for the purposes of § 1983 claims is a matter of federal law, upon careful review of this Court's Order (Doc. 48), Defendant understands the primary concern to be whether the federal *Ambus* factors, particularly the first factor, require this Court to make a determination of state law. But a determination of state law is not necessary because the Utah Legislature through statute authoritatively defined the character of Utah charter schools.

In *Utah Sch. Boards Ass'n v. Utah State Bd. of Educ.*, the Utah Supreme Court analyzed the character of charter schools under the statutes that create and regulate charter schools. 2001 UT 2, ¶¶ 2-3, 17 P.3d 1125, 1127. The Utah Legislature authorized the creation of charter schools through the Utah Charter Schools Act (the "Act"). *Id.*; *See* Utah Code Ann. § 53A–1a–501 *et seq.* The Utah Supreme Court noted that, under the Act, charter schools are part of the state's public education system meant to contribute to the improvement and customization of public education programs. *Id.*; *See* Utah Code Ann. § 53A–1a–503 and § 53A–1a–503.5(1)(a). The Act gives the State Board a supervisory role with authority to review charter school applications and either approve or deny each one. *Id.*; *See* Utah Code Ann. § 53A–1a–505. The

5

Act clearly defines a school's charter as a contractual agreement with the State and states that the charter may be modified only upon the mutual agreement of the school's governing body and the State Board. *Id.*; *See* Utah Code Ann. § 53A–1a–503.5 and § 53A–1a–508(3). Under the Act, charter school funding distribution is controlled by the State Board. *Id.*; *See* Utah Code Ann § 53A–1a–513. Accordingly, the Utah Supreme Court's discussion makes clear that this Court does not need to make a determination of state law or certify questions to the Utah Supreme Court. The Act is a clear and unambiguous characterization of charter schools under state law.

## CONCLUSION

The United States Supreme Court has held that the federal courts are the proper forum for determining immunities under § 1983. The Tenth Circuit has clearly stated that federal courts do not consider state law dispositive in determining "person" status under § 1983. And the Utah Supreme Court has recognized that immunities under federal statutes in federal civil rights cases are a matter of federal law. Although this Court may look to state law in making a determination about "person" status under § 1983, there is no need to make a state law determination or certify questions to the Utah Supreme Court because the Utah Charter Schools Act is a clear and unambiguous statement of a charter school's character under state law. For all these reasons, Defendant submits that this Court is the proper forum to determine that PHCS is not a "person" for the purposes of § 1983, and certification to the Utah Supreme Court for clarification of state law is not necessary to this Court's determination.

SEAN D. REYES
Utah Attorney General

/s / *Lucia Maloy*

   LUCIA MALOY
   JEFFREY ROBINSON
   Assistant Utah Attorneys General
   Attorneys for Defendant